# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**MICHELLE DOERS,**

    **Plaintiff,**

**v.**                                                                    **Case No. 8:14-cv-3168-T-30AEP**

**LINCARE, INC. d/b/a**
**PEDIATRIC SPECIALISTS,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion in Limine to Exclude Incomplete Text Message Exchange (Dkt. 65). The Court, upon review of the motion, and being otherwise advised in the premises, concludes that the motion should be denied.

On April 29, 2016, Defendant filed the instant motion to exclude what it contends is an "incomplete" text message exchange between Plaintiff and Jennifer Maze, Plaintiff's former supervisor. The text message, which this Court discussed in its order on Defendant's motion for summary judgment, is dated March 11, 2010, and states the following from Maze to Plaintiff: "Did u get the travel itinerary I sent to your phone? U will not have to pay xtra for your dog as long as u take the papers to the airport. I also faxed a copy to the office. Thnk for being a team player." Defendant argues that the text is incomplete because Plaintiff deleted other texts between herself and Maze that were also sent on March 11, 2010.

Defendant insinuates that Plaintiff deleted these other texts in bad faith. Defendant's motion is denied as untimely. However, it is also denied on the merits.

On March 4, 2016, the Court entered an order that stated that the parties' motions in limine "shall be filed no later than March 22, 2016." Defendant filed a motion in limine on March 22, 2016. The motion did not address the subject text.

On March 29, 2016, the parties filed their joint pre-trial statement. Under the category related to "all motions or other matters which require action by the court," there is no reference to any outstanding discovery or discovery disputes related to text messages or outstanding phone records.

On April 4, 2016, Defendant filed its objections to Plaintiff's trial exhibits. Defendant did not object to the subject text, which was listed as exhibit 12 on Plaintiff's exhibit list.

On April 5, 2016, the Court conducted the pre-trial conference. Defendant did not discuss any issues or concerns related to the production of text messages or phone records.

Curiously, the instant motion, filed essentially on the eve of trial, does not address the fact that it is untimely. But even if the motion had been timely, it would have been denied on the merits because the motion does not explain in any fashion why Defendant did not move to compel Plaintiff to produce any text messages that it believes were inappropriately deleted during the discovery period. The motion also does not discuss why Defendant did not move to compel the production of the phone records during the discovery period. Indeed, the instant motion does not even attach Defendant's request for production of these texts and phone records, providing the Court with no context as to what exactly was requested and

when the requests were served on Plaintiff. Defendant was clearly aware that Plaintiff would rely on the subject text to prove her case because Plaintiff questioned Maze about the text message during her November 20, 2015 deposition and also relied on the text message in Plaintiff's response to Defendant's motion for summary judgment.

In sum, Defendant neglected to litigate any alleged neglect or failure on Plaintiff's part in the production of evidence related to text messages or phone records during the fact discovery period.[1] At this late stage, there is no basis to exclude the subject text. To the extent Defendant believes that Plaintiff deleted other text messages in bad faith, Defendant may question Plaintiff about this during the trial. On the current record, there is nothing to support Defendant's argument that spoliation of evidence occurred.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion in Limine to Exclude Incomplete Text Message Exchange (Dkt. 65) is denied.

**DONE** and **ORDERED** in Tampa, Florida on May 2, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-3168.MIL - 65 - deny.wpd

---

[1] It is unclear whether anyone requested Maze's text messages between herself and Plaintiff during the relevant time.